2. That appraisement of the involved merchandise at the "MITI" prices was erroneous.

3. That the statutory export value of each item of merchandise herein involved is represented by the invoice price in each case plus 3 percent.

Judgment will issue accordingly.

(R.D. 11660)

ACADEMY SPORTING GOODS, INC. v. UNITED STATES

Entry No. 1021562, etc.

(Decided April 10, 1969)

*Norman Katz* for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

RICHARDSON, Judge: The reappraisement appeals enumerated in the schedule of reappraisement appeals annexed hereto and made a part hereof were submitted to the court for decision upon a stipulation which reads:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the Appeals for Reappraisement enumerated in the attached Schedule "A" exported from Japan consists of inflatable rubber boats, knapsacks and campers packs and that at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale to all purchasers in

the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment, to the United States, were the invoice unit prices, plus inland freight, insurance premium from factory to on board, storage, hauling and lighterage and miscellaneous charges as invoiced, net packed, but excluding three (3%) per cent buying commission.

2. That all the merchandise covered by the Appeals for Reappraisement was entered subsequent to February 27th, 1958.

3. That the merchandise, the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T. D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress and that said merchandise is subject to appraisement under Section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

4. That the Appeals for Reappraisement enumerated in the attached Schedule "A" may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts the court concludes as matters of law:

1. That export value as defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) is the proper basis for determination of the value of the merchandise covered by the reappraisement appeals herein;

2. That such export value is represented by the invoice unit prices, plus inland freight, insurance premium from factory to on board, storage, hauling and lighterage and miscellaneous charges as invoiced, net packed, but excluding three (3%) percent buying commission.

Judgment will be entered accordingly.